UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA ROLES, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION (CALTRANS), et al.,<br><br>   Defendants. | Case No. 21-cv-04435-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 3 |

The instant case concerns an encampment of approximately twenty-three homeless people located on a Caltrans right of way at the Ashby Avenue offramp from I-80. Caltrans has given notice to the persons in the encampment that it intends to close the encampment (*i.e.*, not just remove their personal property). Plaintiffs (both individual campers and Where Do We Go Berkeley ("WDWG"), a nonprofit organization) seek a temporary restraining order ("TRO") preventing the closing of the encampment.

The standard for issuing a TRO and that for issuing a preliminary injunction are essentially the same. *See Missud v. Cal.*, No. C-14-1503 EMC, 2014 U.S. Dist. LEXIS 73376, at *1 (N.D. Cal. May 28, 2014). The moving party must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of relief; (3) the balance of equity tips in its favor; and (4) the injunction is in the public interest. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)).

Plaintiffs have adequately shown that campers would suffer irreparable harm in the absence of a TRO. Although Caltrans, working with other public entities and agencies, has found

hotel rooms for approximately 9 people, the other 14 people (which include disabled individuals) currently have no alternative place to go. *Compare generally Reed v. City of Emeryville*, No. 21-cv-02781-WHO, 2021 U.S. Dist. LEXIS 87119 (N.D. Cal. May 6, 2021); *Sausalito/Marin Cty. Chap. of the Cal. Homeless Union v. City of Sausalito*, No. 21-cv-01143-EMC, 2021 U.S. Dist. LEXIS 99764 (N.D. Cal. May 26, 2021). Caltrans maintains that it is a danger to allow the encampment to remain at the site given its proximity to the I-80 exit ramp. It also asserts that there is urgency in moving forward with the closing of the encampment because pedestrian-vehicle collisions have increased, potentially because of changes to the area due to a construction site. While Caltrans has legitimate concerns about the safety of the encampment, particularly long term, the Court cannot say at this juncture – at least based on the record before it, which is vigorously disputed and for which there is no documentation – that there is an urgent need to displace people, particularly when they have no alternative place to stay. The balance of hardships thus tips strongly in Plaintiffs' favor. And for similar reasons, the public interest weighs in Plaintiffs' favor as well.

As for the likelihood of success on the merits, Plaintiffs need only demonstrate serious questions going to the merits because the balance of hardships tips strongly in their favor. On the merits, Caltrans has only argued at this point that the parties' dispute is better resolved by the state court in *Sanchez v. California Department of Transportation*, Case No. RG16842117.[1] The Court does not agree. *Sanchez* largely concerned the seizure of campers' personal property. Although the instant case does raise a property claim (the third cause of action), the reach of the case is broader, challenging the closure of the encampment and eviction of campers. To the extent Caltrans has made a res judicata or claim-splitting argument — *i.e.*, that Plaintiffs could have challenged the authority of Caltrans to close the encampment in *Sanchez* but did not do so – the Court is not persuaded. The core conduct in this case is different from that at issue in *Sanchez*. The primary right at issue in *Sanchez* concerned personal property rights whereas the primary right

---

[1] The Court recognizes that Caltrans may not have been able to provide a full merits argument given the expedited nature of proceedings. It does not preclude Caltrans from raising additional merits arguments in the future, including in preliminary injunction proceedings.

2

here concerns where Plaintiffs can live. These rights are governed by legally distinct doctrinal analyses and proof of the respective claims require different facts. In short, with the exception of the personal property/notice claim, the claims at issue in *Sanchez* and those in the case at bar do not appear to be the same. Moreover, "[c]laims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by res judicata regardless of whether they are premised on facts representing a continuance of the same 'course of conduct.'" *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 383 (2d Cir. 2003).

Accordingly, the Court grants Plaintiffs' motion for a TRO. Caltrans, and those acting in concert with it, is enjoined from closing and/or clearing the encampment at issue. Included within the scope of this TRO is any attempt to take personal property as a means of forcing those residing in the encampment to move.

The TRO shall extend until resolution of Plaintiffs' motion for preliminary injunction. The Court deems Plaintiffs' TRO motion their preliminary injunction motion as well. Caltrans shall file its opposition by July 5, 2021. Plaintiffs' reply shall be filed by July 9, 2021. A hearing on the motion for a preliminary injunction shall be held on July 20, 2021, at 10:30 a.m. If there is an urgent need to advance the hearing, Caltrans may file a motion seeking such relief. The Court, however, encourages the parties to resolve the pending dispute. As a practical matter, it appears that both parties have an interest in securing alternative housing for the campers which would make the pending dispute moot. Caltrans is urged to work to gain the cooperation of local agencies to try to secure housing options, as the City of Emeryville did in *Reed*. As counsel for WDWG noted, new housing opportunities appear to be on the horizon, perhaps by July 1, 2021. Caltrans is also urged to find alternative arrangement and plan the logistics of a safe move of the campers; the Court indicated the present location is not likely to be viable long term.

**IT IS SO ORDERED**.

Dated: June 11, 2021

_____
EDWARD M. CHEN
United States District Judge