UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHERE DO WE GO BERKELEY, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF TRANSPORTATION (CALTRANS), et al., <br><br> Defendants. | Case No. 21-cv-04435-EMC <br><br> **ORDER RE DEFENDANTS' OPPOSITION** <br><br> Docket No. 54 |

At the hearing on August 26, 2021, the Court set a hearing for September 3, 2021, so that it could hear Plaintiff's motion to amend, along with a request for a TRO predicated on the assumption that the Court would grant the motion to amend. *See* Docket No. 58 (Tr. at 22-23). On August 30, Plaintiff filed its motion to amend (Docket No. 53), along with a motion for a preliminary injunction (Docket No. 54). With respect to the latter motion only, Defendants did not file a substantive opposition; instead, they filed objections and a motion to strike (Docket No. 60). In the filing, Defendants argued, *inter alia*, a failure to give sufficient notice and opportunity to respond, as well as an assumption that the Court would allow the filing of an amended complaint.

Upon inquiry from the Court as to whether Defendants would file a substantive opposition to the motion for a preliminary injunction/TRO, Defendants stated in an email as follows:

> The Defendants were not served with an application or motion for a temporary restraining order, only a motion for preliminary injunction (based on the proposed Second Amended Complaint). We do not see on the Court's docket, either, that an application or motion for temporary restraining order was filed; if we are missing something, kindly advise.

> Also, the Defendants will not file any other responses to the motion for preliminary injunction, apart from the objection document filed this morning.

Email, dated 9/1/2021, from A. Zazzeron.

Defendants' response is singularly unhelpful. Although it is true that the Court did not authorize the filing of a motion for a preliminary injunction, Defendants clearly could have construed Plaintiff's motion as a motion for a TRO, particularly given the Court's comments at the August 26 hearing. Rather than engaging in substance – which is of particular importance given that both sides have raised important interests, including safety to campers as well as safety to the broader public – Defendants have decided to take a formalistic, litigation-informed stance that does nothing to solve the problems before the Court.

Accordingly, the Court hereby gives Defendants until **9:00 a.m. tomorrow (September 2, 2021)** to file a substantive response to the motion for a preliminary injunction which the Court construes as a motion for a TRO. To be clear, Defendants are ordered to provide a **substantive** response. Although they can also raise procedural or technical arguments, that is not sufficient. The Court wants substantive briefing from Defendants. Defendants should also address Plaintiff's suggestion that Caltrans could allow, at least temporarily, an encampment at an alternative property in its possession, custody, or control, including but not limited to Seabreeze (even though that encampment was closed recently in August).

**IT IS SO ORDERED**.

Dated: September 1, 2021

_____
EDWARD M. CHEN
United States District Judge