| | |
|---|---|
| DAN SIEGEL, SBN 56400 | ERIN HOLBROOK |
| EMILYROSE JOHNS, SBN 294319 | Chief Counsel |
| SIEGEL, YEE, BRUNNER & MEHTA | G. MICHAEL HARRINGTON |
| 475 14th Street, Suite 500 | Deputy Chief Counsel |
| Oakland, California 94612 | ARDINE ZAZZERON |
| Telephone: (510) 839-1200 | Assistant Chief Counsel |
| Facsimile: (510) 444-6698 | SAMUEL C. LAW |
| Email: danmsiegel@gmail.com; | Assistant Chief Counsel |
| emilyrose@siegelyee.com | ALEX F. PEVZNER (SBN 221606) |
| | Deputy Attorney |
| BRIGITTE NICOLETTI, SBN 336719 | DEBORAH L. GOODMAN (SBN 276259) |
| EAST BAY COMMUNITY LAW CENTER | Deputy Attorney |
| 1950 University Avenue, Suite 200 | Caltrans Legal Division – Bay Area Office |
| Berkeley, CA 94704 | 111 Grand Avenue, Suite 11-100, |
| Telephone: (510) 977-2511 | Oakland, CA 94612 |
| Email: bnicoletti@ebclc.org | Mail: P.O. Box 24325, |
| | Oakland, CA 94623-1325 |
| ANDREA M. HENSON, SBN 331898 | Telephone: (510) 433-9100, |
| MOUZIS CRIMINAL DEFENSE | Facsimile: (510) 433-9167 |
| 1819 K Street, Suite 200 | |
| Sacramento, CA 95811 | *Attorneys for Defendants* |
| Telephone: (916) 822-8702 | |
| Facsimile: (916) 822-8712 | |
| Email: hensona@jennifermouzislaw.com | |
| | |
| OSHA NEUMANN SBN 127215 | |
| LAW OFFICES OF OSHA NEUMANN | |
| 1840 Woolsey St. | |
| Berkeley, CA 94703 | |
| Telephone: (510) 717-8604 | |
| Email: oshaneumann@gmail.com | |

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHERE DO WE GO BERKELEY; et al, | ) Case No.: 21-CV-04435-EMC |
| | ) |
| Plaintiffs, | ) |
| | ) **STIPULATION AND [PROPOSED]** |
| vs. | ) **ORDER TO CONTINUE CASE** |
| | ) **MANAGEMENT CONFERENCE** |
| CALIFORNIA DEPARMENT OF | ) |
| TRANSPORTATION (Caltrans), et. al | ) Hon. Edward M. Chen |
| | ) |
| Defendants | ) |

*Where Do We Go Berkeley v. Caltrans*, No. 21-CV-04435-EMC
Stipulation and [Proposed] Order to Continue Case Management Conference - 1

**Plaintiffs' Statement**

Plaintiffs filed their operative complaint on September 13, 2021. (ECF No. 77.) The complaint addressed the California Department of Transportation's ("Caltrans") Interim Guidance on Encampments. (ECF No. 77, ¶ 8.) Caltrans has rescinded the interim guidance and implemented a new policy, which became effective October 10, 2022. The rescission of the Interim Guidance moots plaintiffs' current claims, and any future potential claims have not ripened.

During the course of this case, the Court issued two preliminary injunctions designed to accommodate the disabilities of the plaintiffs who resided at the subject encampment. The first preliminary injunction was granted on September 23, 2021, with a written order issued on September 27, 2021, after briefing and oral argument. The second preliminary injunction was granted on March 23, 2022, with a written order issued on April 6, 2022, after briefing and an evidentiary hearing.

Caltrans appealed the September 23, 2021, preliminary injunction to the Ninth Circuit. The Ninth Circuit's order affirmed this Court's finding that Caltrans was operating a program when it was operating its Interim Guidance (ECF No. 154 at 16-18), but the court concluded that the remedy ordered by this Court was a fundamental alteration of Caltrans' program. (ECF No. 154 at 19.) By the time the Ninth Circuit issued its order, the September 23, 2021 injunction had expired by its own terms and the March 23, 2022 injunction was in place. Caltrans never challenged that injunction in the higher court and that injunction expired by its own terms on April 30, 2022.

Plaintiffs believe that the remaining issue in this matter is attorneys' fees and costs, to which litigants who secure a preliminary injunction on fee-shifting statutes such as the ADA are entitled. The parties hereby proposed a briefing schedule on plaintiffs' motion for attorneys' fees and costs. These are the only dates that plaintiffs believe must be set in the case. Plaintiffs also think that there may be a benefit to being referred to a magistrate judge to resolve fees and would welcome returning to Judge Ryu or any other available magistrate.

///

**Defendants' Statement**

As a threshold matter, it is unclear that the Court has subject matter jurisdiction to hear any motion by Plaintiffs seeking recovery of attorneys' fees and costs. Plaintiffs' Americans with Disabilities Act claims purportedly arise from Caltrans' implementation of the Interim Guidelines on Encampments, which have been withdrawn. As such, Plaintiffs' claims are moot and the Court therefore lacks subject matter jurisdiction.

The issue of whether the Court has subject matter jurisdiction should be resolved before any ruling on the merits of Plaintiffs' motion for attorneys' fees and costs. "Federal courts normally resolve questions of subject matter jurisdiction before reaching other issues." *Gonzalez v. Governor of Washington*, No. C12-5242 RBL-JRC, 2012 WL 2904235, at *1 (W.D. Wash. June 8, 2012), report and recommendation adopted, No. C12-5242 RBL-JRC, 2012 WL 2903328 (W.D. Wash. July 16, 2012), aff'd, 520 F. App'x 552 (9th Cir. 2013).

Until Plaintiffs file their motion, Caltrans will not be able to fully evaluate its position. Caltrans therefore requests a status conference two weeks after Plaintiffs' motion is filed to discuss the hearing and briefing schedule on Plaintiffs' motion for attorneys' fees and costs and/or Caltrans' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

Moreover, Plaintiffs are not entitled to recover attorneys' fees or costs in this action. Simply put, Plaintiffs are not the prevailing parties with respect to either the Court's order on September 27, 2021, and reversed by the Ninth Circuit on April 19, 2022, or the Court's order on April 6, 2022.

Caltrans does not believe that referral to a magistrate judge to resolve the only remaining issue in this case—i.e., the allocation of fees and costs— would be beneficial.

**Proposed Briefing Schedule**

Plaintiffs will file their motion for attorneys' fees on February 16, 2023

Status Conference to Discuss the Briefing and Hearing Schedule on Plaintiffs' Motion for Attorneys' Fees and Costs and/or Caltrans' Motion to Dismiss on March 2, 2023

1  Respectfully submitted,

2

3  Dated:  November 15, 2022                SIEGEL, YEE, BRUNNER & MEHTA

4                                           By     /s/ EmilyRose Johns
5                                               EMILYROSE JOHNS

6                                           *Attorneys for Plaintiffs*

7

8  Dated:  November 15, 2022                ERIN HOLBROOK
                                            G. MICHAEL HARRINGTON
9                                           ARDINE ZAZZERON
                                            ALEX F. PEVZNER
10                                          DEBORAH L. GOODMAN

11
                                            By     /s/ Alex F. Pevzner
12                                              ALEX F. PEVZNER

13                                          *Attorneys for Defendants*

14  ///
15  ///
    ///
16                      **SIGNATURE ATTESTATION**

17       Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that I have obtained the concurrence in

18  the filing of this document from all of the signatories for whom a signature is indicated by a

19  "/s/" signature within this e-filed document, and I have on file confirmation of this

20  concurrence for production for the Court if so ordered.

21

22  Dated: November 15, 2022

23                                          SIEGEL, YEE, BRUNNER & MEHTA

24
                                            By    /s/EmilyRose Johns
25                                             EmilyRose Johns

26

27

28

---

*Where Do We Go Berkeley v. Caltrans*, No. 21-CV-04435-EMC
Stipulation and [Proposed] Order to Continue Case Management Conference - 4

**[PROPOSED] ORDER**

The case management conference set for November 22, 2022 at 1:30 p.m. is continued to _____, at 1:30 p.m. The parties are ordered to submit a joint case management conference statement no later than December 6, 2022.

IT IS SO ORDERED.

Dated: November \_\_, 2022

_____
Hon. Edward M. Chen
United States District Court Judge