DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
emilyrose@siegelyee.com

BRIGITTE NICOLETTI, SBN 336719
EAST BAY COMMUNITY LAW CENTER
1950 University Avenue, Suite 200
Berkeley, CA 94704
Telephone: (510) 977-2511
Email: bnicoletti@ebclc.org

ANDREA M. HENSON, SBN 331898
MOUZIS CRIMINAL DEFENSE
1819 K Street, Suite 200
Sacramento, CA 95811
Telephone: (916) 822-8702
Facsimile: (916) 822-8712
Email: hensona@jennifermouzislaw.com

OSHA NEUMANN SBN 127215
LAW OFFICES OF OSHA NEUMANN
1840 Woolsey St.
Berkeley, CA 94703
Telephone: (510) 717-8604
Email: oshaneumann@gmail.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WHERE DO WE GO BERKELEY, on behalf of itself and those it represents; RONNIE BROOKS; JASON MILLER; KINNDRA MARTIN; KEVIN CODDINGTON; JONATHAN JAMES; MARIAH JACKSON; SARAH TEAGUE; TERRY LEE WALKER; JOSE MORFIN; ALEJANDRO MEYERS; and SHAWNA GARCIA, <br><br>          Plaintiffs, <br><br>     vs. <br><br> CALIFORNIA DEPARMENT OF TRANSPORATION (Caltrans), et. al <br><br>          Defendants. | Case No.: 21-CV-04435-EMC <br><br> **DECLARATION OF EMILYROSE JOHNS IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Date: May 25, 2023 <br> Time: 1:30 p.m. <br> Ctrm: 5 – 17th Floor <br>          450 Golden Gate Avenue, <br>          San Francisco, CA 94102 |

I, EmilyRose Johns, declare as follows:

1.     I am an attorney licensed to practice in the State of California. I am a senior associate at the law firm Siegel, Yee, Brunner & Mehta, LLP, located in Oakland, California. I have personal knowledge of the matters set forth herein, and if called as a witness, I could competently so testify.

**Summary of Experience**

2.     I graduated with honors from the University of Washington in 2005, where I earned a bachelor's degree in Anthropology and a bachelor's degree in journalism. I worked in the legal department and operations department of an asset management company in San Francisco before going to law school.

3.     In 2010, I started law school at American University, Washington College of Law ("WCL"), at the time one of the highest ranked schools for International Human Rights. I wrote for the Human Rights Brief in my first year, and I graded on to the Journal of Gender, Social Policy and the Law in my second year. I led three service trips during law school. Each trip provided volunteer opportunities in legal services and humanitarian services to approximately 40 law students. I taught high school courses on constitutional law through the Marshall Brennan Constitutional Literacy Project during my second and third years of law school. I participated in the Criminal Justice Clinic and the General Practice Clinic in my third year, and I worked at the D.C. Prisoners' Project during my second-year summer and third year of law school and at the Public Defender Services of Washington, D.C. my third year. I was the 2013 student recipient of the Peter M. Cicchino Public Service Award—an annual award recognizing one student and two alumni for outstanding work in the public service.

4.     After graduating *cum laude* in 2013, I sat for the bar exam and was admitted to practice that December. I started my career as a fellow at the Prison Law Office in Berkeley, California, where I participated in monitoring the *Plata v. Brown* (medical care), *Armstrong v. Brown* (disability rights), and *Clark v. California* (disability rights) consent decrees in California state prisons. I addressed all complaints from persons confined in the state's jails and advocated

*Where Do We Go Berkeley v. Caltrans*, No. 21-CV-04435-EMC
Declaration of EmilyRose Johns ISO Motion for Attorneys' Fees and Costs - 2

on their behalf where I determined that their constitutional or statutory rights were being violated. I aided Everett Jewett in the initial stages of his complaint for violations of the Americans with Disabilities Act at Shasta County Jail, which would become the class action lawsuit, *Jewett et al. v. Shasta County Sheriff's Department, et al.*, E.D. Cal 2:13-cv-0882 MCE AC. That lawsuit settled for injunctive relief that ensured prisoners with disabilities in the jail equal access to programs, activities and services offered by the County. I also worked on class action litigation against Riverside County over their unconstitutional jail conditions in *Gray v. County of Riverside*, C.D. Cal 5:13-cv-00444-VAP. That case ended in a consent decree that significantly improved conditions for persons incarcerated in the county's jails.

5.    In 2015, after my fellowship concluded, I joined the law offices of Siegel, Yee, Brunner & Mehta (Siegel & Yee at the time) as an Associate. Siegel, Yee, Brunner & Mehta is a distinguished Bay Area law firm with over four decades of experience litigating cutting edge cases in employment discrimination, police misconduct, prisoners' rights, disability discrimination, and the rights of people experiencing homelessness.

6.    Once hired, I immediately began pursuing a class action lawsuit to end the unconstitutional practice of confining prisoners on California's death row in indefinite solitary confinement. I worked on this case with Dan Siegel. I conducted numerous interviews of our clients and putative class members to develop the complaint, conducted discovery, and prepared all materials for settlement discussions. The case, *Lopez v. Brown*, ND Cal. 4:15-cv-02725-CW, resulted in a settlement that ended the unconstitutional practice of indefinite solitary confinement for prisoners on death row and released nearly 100 men from solitary confinement— some of whom had been so confined for over 20 years.

7.    I was promoted to Senior Associate in 2019.

8.    At Siegel, Yee, Brunner & Mehta, I handle many fact-filled, lengthy, and complicated civil rights litigation cases against municipalities and California state agencies and departments. In 2019, I was second chair to Mr. Siegel in a trial against the City of Berkeley over police and city-worker treatment of homeless residents. I conducted all written discovery,

deposed persons most knowledgeable for the City, drafted and argued the motion that certified a class, wrote the summary judgment opposition, completed significant pretrial work, and prepared and questioned witnesses at trial. The team consisted of Mr. Siegel, me, and a paralegal.

9.      In 2021, I was second chair to Mr. Siegel in a trial against the City of Antioch over the handcuffing injury of a pretrial detainee. I conducted and supervised the completion of all written discovery, deposed defendants and witnesses, assisted with the drafting of the motion for summary judgment, supervised and completed all necessary pretrial work, questioned defendants and witnesses, and delivered the closing argument. The team consisted of Mr. Siegel, me, an Associate, and a paralegal.

10.      In March of 2022, I was lead trial counsel in a case against the City and County of San Francisco on behalf of a prisoner with disabilities against whom deputies used excessive force and whom the City and County of San Francisco failed to provide accommodations. I oversaw legal strategy in the case, prepared written discovery, deposed the defendant and key witnesses, assisted with the drafting of the motion for summary judgment and the opposition to defendants' motion for summary judgment, drafted motions in limine and oppositions to defendants' motions in limine, argued pre-trial and all mid-trial motions, questioned friendly and adverse witnesses at trial, argued the jury charge, and delivered the rebuttal closing. The jury returned a verdict in favor of our client on his constitutional claims and his claims under the Americans with Disabilities Act and section 504 of the Rehabilitation Act. Following the verdict, I drafted oppositions to post-trial motions, on which we prevailed, and drafted plaintiffs' motion for attorneys' fees and costs. My team also secured significant, county-wide injunctive relief to prevent similar types of disability discrimination from occurring in the jail. My trial team consisted of me, an Associate and a paralegal.

11.      In November 2022, I was lead trial counsel in a second case against the City and County of San Francisco on behalf of a prisoner in a First Amendment retaliation case, in which our client prevailed. I conducted and supervised the completion of all written discovery, deposed defendants, assisted with the drafting of the opposition to the motion for summary judgment, and

completed significant pre-trial work. At trial, I gave the opening statement, examined defendants and adverse witnesses, gave the rebuttal closing, prepared and argued the jury charge, and argued all mid-trial motions. I aided in drafting post-trial motions to defend our jury verdict. My trial team consisted of me, an Associate, and a paralegal.

12.    In addition to this significant trial experience, I have favorably settled cases on behalf of homeless or marginally housed residents throughout the Bay Area.

13.    In 2021, I settled *De la Riva v. City of Oakland*, 3:19-cv-06106-JW, a case combating unlawful police practices against people living on boats in the Oakland estuary. IN addition to a monetary settlement for our clients, Oakland was required to create a policy for its police department that safeguarded the property rights of people living on boats in the estuary.

14.    In 2022, I settled *Miralle v. City of Oakland*, N.D. Cal 4:18-cv-06823-HSG, a case addressing unconstitutional city worker- and police-practices when closing homeless encampments. I secured City-wide injunctive relief that ended the City's practice of on-site property destruction at encampment closures and ended closures during inclement weather.

15.    In 2022, I settled *Reed v. City of Emeryville*, N.D. Cal 3:21-cv-02781-WHO, a case brought on behalf of homeless residents with disabilities who were not reasonably accommodated during an encampment closure. I successfully defeated defendants' motion to dismiss the case in its entirety and the settlement resulted in a monetary award for the four individual plaintiffs and the organizational plaintiff.

16.    I have also favorably settled numerous civil rights cases addressing unlawful police practices, police misconduct, and prisoners' rights, including *Anti Police-Terror Project et al. v. City of Oakland*, N.D. Cal No. 20-cv-03866 JCS, a class action over the unlawful use of tear against demonstrators to suppress free speech; *Riles v. City of Oakland*, N.D. Cal. 3:20-cv-06869-JCS, a case in which Oakland police officers assaulted a senior citizen, *Barrow v. San Francisco County Jail No. 5*, N.D. Cal. 5:20-cv-04099-BLF, a case on behalf of a prisoner who was sexually assaulted, *Jones v. City and County of San Francisco*, N.D. Cal 3:19-cv-07921-TSH, a case over the failure to provide medical care to a prisoner, *Saldivar v. City of County of San*

*Francisco*, N.D. Cal. 3:20-cv-05474-JSC, a case in which San Francisco police officers assaulted a demonstrator and broke their wrist; *Valencia v. City of Newark*, N.D. Cal 4:16-cv-04811-SBA, a case over the officer involved shooting death of a young man, *Ledesma v. Adame*, E.D. Cal. 1:13-cv-01227-AWI-GSA, a case on behalf of a prisoner who was kept on contraband surveillance watch in treacherous conditions for an excessive number of days, *Perkins v. City of Oakland*, N.D. Cal. 3:16-cv-04324-LB, a case over the officer involved shooting death of a father, and *Henderson v. City of Emeryville*, N.D. Cal. 4:15-cv-04973-DMR, a case over the officer-involved-shooting of a mother of two minor children.

### Facts Related to *Where Do We Go Berkeley v. Caltrans*

17.     This case was originally filed on June 9, 2021 by six pro per plaintiffs and the non-profit organization Where Do We Go Berkeley. The six plaintiffs and others faced imminent eviction by Caltrans from the land on which they resided for years. Plaintiffs filed an application for an emergency temporary restraining order and order to show cause why a preliminary injunction should not issue to prevent Caltrans from evicting them without providing them with an alternate, accessible place to go.

18.     On June 11, 2021, the court entered a temporary restraining order preventing Caltrans from removing plaintiffs and others from the encampment.

19.     On July 2, 2021, I entered an appearance in this matter. I and my firm pursued this case on full contingency.

20.     I began my work drafting the reply in support of plaintiffs' motion for a preliminary injunction. The temporary restraining order and order to show cause ultimately achieved full relief for the original six plaintiffs and the others on whose behalf they were advocating, but Caltrans continued sweeps in the area resulted in the need for further work on behalf of a new yet similarly situated group of plaintiffs. Together with co-counsel, I worked with plaintiffs to develop their facts and to develop and maintain those relationships, was lead drafter of the two motions for preliminary injunction and their replies, opposed defendants' efforts to dismiss the case, prepared clients for deposition and defended their depositions, aided in the deposition of

---

defendant's person most knowledgeable on certain topics, prepared our team for an evidentiary hearing, and defended the Court's preliminary injunction order in the Ninth Circuit, including arguing on behalf of Appellees.

21.    As a skilled litigator with significant experience with federal court motions practice and with advocating on behalf of folks experiencing homelessness, I contributed strategically and efficiently to the complex and novel legal issues litigated in this case. I have dedicated a portion of my practice to advocating for the rights of people experiencing homelessness.

22.    Maintaining good client contact with persons experiencing homelessness is a difficult task, often for reasons far beyond the control of the clients. People experiencing homelessness experience crime and property theft at a high rate without the ready ability to secure their belongings like housed persons. They face city- and municipality-led sweeps of their residences, during which their belongings are collected and disposed of like garbage. Important and valuable materials such as cell phones and bicycles are stolen or broken frequently, making communicating with attorneys or making an appointment a near impossible task. Finding a place to charge a cell phone to make a call or collecting bus fair to travel to an appointment can consume most of the day. Appointments with attorneys often must come second to attending to every-day needs, such as finding food, locating a place to perform necessary hygiene care, and working. The ability to build client relationships and trust requires attorneys to understand these realities and work effectively given them. As a result of these realities and of the novelty of this area of the law, there is an incredibly small field of attorneys in the Bay Area who are willing to take on this crucial work.

23.    Our litigation team included two less experienced attorneys, Andrea Henson who was licensed in 2020 and Brigitte Nicoletti who was licensed in 2021. Our team worked efficiently by assigning tasks to less experienced attorneys where possible while also giving them opportunities to expand their federal practice.

24.    We achieved a significant result for our clients. As persons with disabilities, they required more time in order to benefit from the program Caltrans created to remove persons

living on public land into individual housing units or other more suitable public land. By remaining where they were, connected to services and able to receive repeat visits from Caltrans' local partners while they searched for suitable alternative housing, plaintiffs were able to benefit from Caltrans' program in the same manner as everyone else.

25.    I believe that a rate of $675 per hour for my time is reasonable. This figure is based upon my experience as an attorney, particularly in the representation of persons experiencing homelessness and advocacy on behalf of persons with disabilities, the results obtained for my clients in this difficult litigation, and the fees paid to attorneys of similar experience engaged in similar litigation. Additionally, I believe that my time records reflect that I performed my work on this case very efficiently.

26.    In any given year, I have seven or eight cases set for trial, some of for which I serve as lead trial counsel. I also assist in the supervision of Associates who are working on my matters. The hours I dedicated to this matter would otherwise have been devoted to work for which I could bill other clients.

**Reasonable Fees and Costs**

27.    Attached hereto as **Exhibit A** is a true and accurate record of my hours devoted to this litigation. I keep contemporaneous daily time records to track the amount of time I spend on each task within each case, which I track in tenths of an hour. I compiled Exhibit A by (1) reviewing my daily time records and taking from those records the time devoted to this litigation; and (2) entering my time directly on Exhibit A. I personally checked to ensure that Exhibit A is accurate.

28.    I expended 256.8 hours in this litigation, including preparing the motion for attorneys' fees with which this declaration is concurrently filed. My lodestar is $173,340. Mr. Siegel exercised billing discretion for the fees incurred by Siegel, Yee, Brunner & Mehta by waiving his fees in this matter, which amounted to a reduction of 12.6 percent in the firm's fees.

29.    Attached hereto as **Exhibit B** is a true and accurate accounting of costs in this matter, produced from our bookkeeping software on March 17, 2023. The costs in this matter

1   total $5,800.77, which includes deposition transcripts, expert fees, printing and copying services,

2   and postage.

3       30.     Attached hereto as **Exhibit C** are the accompanying bills for the costs.

4

5       I declare under penalty of perjury under the laws of the United States that the foregoing is

6   true and correct. This declaration was executed on the 20th day of March 2023, at Oakland,

7   California.

8

9                                         _____/s/ EmilyRose Johns_____
                                          EmilyRose Johns
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**District Court**

| Date | Description | Duration |
|---|---|---|
| 7/2/2021 | Draft Notice of Appearance | 0.1 |
| 7/14/2021 | Team Meeting re Case Strategy with DS | 1 |
| 7/22/2021 | Team Meeting to Discuss Reply | 0.8 |
| 7/24/2021 | Draft Reply in support of Motion for Preliminary Injunction | 3 |
| 7/26/2021 | Draft Reply in support of Motion for Preliminary Injunction | 4.9 |
| 8/2/2021 | Team Meeting re Hearing | 0.4 |
| 8/3/2021 | Meeting with opposing counsel | 0.5 |
| 8/4/2021 | Response to Evidentiary Objections | 3.6 |
| 8/4/2021 | Meeting to Prepare for Hearing | 1.5 |
| 8/5/2021 | Preliminary Injunction Hearing | 2 |
| 8/11/2021 | Team Meeting - Discuss Amendfing Complaint | 1 |
| 8/16/2021 | Team Meeting re FAC | 0.6 |
| 8/19/2021 | Edit First Amended Complaint | 2.2 |
| 8/20/2021 | Finalize First Amended Complaint | 2.5 |
| 8/24/2021 | Team Meeting | 0.5 |
| 8/26/2021 | Roles TRO Hearing | 0.5 |
| 8/26/2021 | Meeting to plan TRO | 0.3 |
| 8/27/2021 | Prepare retainers and declaration templates | 1.5 |
| 8/27/2021 | Speak with clients/collect names and information about housing | 3.5 |
| 8/28/2021 | Interview clients - James, Jackson, Teague | 3 |
| 8/29/2021 | Meeting with Co-Counsel | 0.5 |
| 8/29/2021 | Finalize plaintiffs' declarations | 3.3 |
| 8/29/2021 | Edit plaintiff James, Jackson, Teague declarations | 2.5 |
| 8/29/2021 | Draft Motion for Preliminary Injunction | 5.3 |
| 8/30/2021 | Draft Motion for Preliminary Injunction | 6.9 |
| 9/2/2021 | Settlement Call with Judge Ryu | 1.5 |
| 9/2/2021 | Team meeting | 0.7 |
| 9/3/2021 | Hearing on TRO | 1.9 |
| 9/4/2021 | Prepare Clients for Deposition | 4 |
| 9/8/2021 | Team meeting | 0.5 |
| 9/11/2021 | Draft Motion for Preliminary Injunction | 2 |
| 9/12/2021 | Draft Motion for Preliminary Injunction | 2 |
| 9/13/2021 | Draft Motion for Preliminary Injunction | 11.2 |
| 9/14/2021 | Depositions | 6.3 |
| 9/15/2021 | Depositions | 1.5 |
| 9/23/2021 | Settlement Conference | 2.5 |
| 9/23/2021 | Hearing on Motion for Preliminary Injunction | 2.2 |
| 10/7/2021 | Draft Opposition to Motion to Dismiss SAC | 1 |
| 10/8/2021 | Draft Opposition to Motion to Dismiss SAC | 2 |
| 10/9/2021 | Draft Opposition to Motion to Dismiss SAC | 7 |
| 10/11/2021 | Draft Opposition to Motion to Dismiss SAC | 1.5 |
| 10/11/2021 | Team Meeting to disucss Opposition to Motion to Dismiss SAC | 0.8 |
| 12/14/2021 | Hearing on Motion to Dismiss | 1 |

| Date | Description | Hours |
|---|---|---|
| 1/3/2022 | Call with Opposing Counsel re Status Update | 0.2 |
| 1/4/2022 | Draft Status Update | 3.4 |
| 1/4/2022 | Meeting re Status Update | 0.5 |
| 1/5/2022 | Team meeting | 1 |
| 1/11/2022 | Status Hearing | 1.4 |
| 1/25/2022 | Call with Alex Pevzner | 0.2 |
| 1/26/2022 | Team Meeting | 0.5 |
| 2/1/2022 | Meeting with Caltrans | 0.9 |
| 2/14/2022 | Draft Status Update | 1 |
| 2/15/2022 | Draft Status Update | 0.5 |
| 2/16/2022 | Team meeting | 0.4 |
| 2/22/2022 | Draft Status Update | 1.4 |
| 2/23/2022 | Team meeting to discuss appeal and MPI | 1 |
| 2/28/2022 | Edit MPI outline | 0.9 |
| 2/28/2022 | Team Meeting for MPI | 0.9 |
| 3/2/2022 | Team Meeting re MPI with DRA | 1 |
| 3/3/2022 | Team Meeting for MPI | 1 |
| 3/3/2022 | Draft Motion for Preliminary Injunction | 4.5 |
| 3/4/2022 | Draft Motion for Preliminary Injunction | 15.5 |
| 3/9/2022 | Team check in | 0.3 |
| 3/14/2022 | Meeting to discuss evidentiary hearing | 0.8 |
| 3/15/2022 | Draft Errata | 0.2 |
| 3/15/2022 | Review Joint Status Report | 0.4 |
| 3/17/2022 | Team Meeting with DRA to Plan Reply | 0.5 |
| 3/17/2022 | Edit Joint Status Update | 1.6 |
| 3/18/2022 | Draft Reply to Motion for Preliminary Injunction | 2 |
| 3/18/2022 | Call with East Bay Times | 0.7 |
| 3/18/2022 | Draft Reply to Motion for Preliminary Injunction | 3.4 |
| 3/19/2022 | Plan evidentiary hearing | 1.5 |
| 3/20/2022 | Edit press release | 0.5 |
| 3/22/2022 | Call re Evidentiary Hearing | 0.3 |
| 5/2/2022 | Team Meeting with District Court Litigation Team | 1 |
| 5/5/2022 | Meet with clients | 1.5 |
| 5/9/2022 | Team Meeting re En Banc Appeal, Costs | 1 |
| 5/11/2022 | Call with CLRA Re Order on Appeal | 0.6 |
| 5/11/2022 | Draft email for stipulation to CMC | 0.1 |
| 5/11/2022 | Call with Opposing Counsel | 0.2 |
| 5/16/2022 | Team Meeting | 1.3 |
| 5/18/2022 | Prepare CMC Stipulation | 0.3 |
| 5/23/2022 | Team Meeting | 0.4 |
| 9/15/2022 | Stipulation | 0.2 |
| 9/16/2022 | Finalize and file stip for CMC | 0.2 |
| 11/8/2022 | Prepare for M&C for ID | 0.5 |
| 11/15/2022 | Stipulation to Continue CMC | 0.2 |
| 11/15/2022 | Finalize and file stipulation to CMC | 0.2 |
| 12/7/2022 | Edit CMC Statement | 0.2 |
| 12/8/2022 | Research Motion for Attorneys Fees | 0.5 |

| Date | Description | Duration |
|---|---|---|
| 12/12/2022 | Draft Joint CMC | 0.5 |
| 12/12/2022 | Meeting with OC | 0.3 |
| 12/12/2022 | Request for Continuance | 0.5 |
| 1/5/2023 | Call with Opposing Counsel re Fees Motion | 0.5 |
| 1/9/2023 | Call with ON and BN to Discuss Fees Motion | 0.2 |
| 1/9/2023 | Call with AH re Fees Motion | 0.3 |
| 1/17/2023 | Prepare CMC Statement | 0.6 |
| 2/1/2023 | Call with Osha about Briefing Schedule | 0.2 |
| 2/1/2023 | Stipulation and Proposed Order for Briefing Schedule | 0.3 |
| 3/1/2023 | Team Meeting re Fees Motion | 0.6 |
| 3/1/2023 | Contact delarants and follow up emails for Motion for Attorneys Fess | 0.6 |
| 3/8/2023 | Draft Motion for Attorneys Fees | 0.5 |
| 3/14/2023 | Draft Motion for Attorneys Fees | 3 |
| 3/15/2023 | Prepare declaration for Motion for Attorneys' Fees | 2 |
| 3/15/2023 | Draft Motion for Attorneys Fees | 3 |
| 3/16/2023 | Draft Motion for Attorneys Fees | 5.7 |
| 3/18/2023 | Edit Declaration for Motion for Attorneys' Fees | 1 |
| 3/19/2023 | Draft Motion for Attorneys Fees | 4.7 |
| 3/20/2023 | Draft Motion for Attorneys Fees | 7.8 |
| 3/20/2023 | Finalize Declaration | 0.7 |

191.3

| | Appeal | |
|---|---|---|
| **Date** | **Description** | **Duration** |
| 12/12/2021 | Draft Answering Brief | 2 |
| 12/14/2021 | Draft Answering Brief | 3.4 |
| 12/15/2021 | Call with Osha re Brief | 0.2 |
| 12/16/2021 | Meeting re Brief | 1 |
| 12/16/2021 | Call with Alex re Brief | 0.5 |
| 12/17/2021 | Team meeting re brief | 1 |
| 12/18/2021 | Draft Answering Brief | 9.8 |
| 12/19/2021 | Draft Answering Brief | 3.5 |
| 12/23/2021 | Draft Answering Brief | 3 |
| 12/23/2021 | Meeting re Answering Brief | 1.5 |
| 12/24/2021 | Draft Answering Brief | 2 |
| 12/26/2021 | Draft Answering Brief | 0.7 |
| 12/27/2021 | Finalize Drafting and Edit Answering Brief | 5.5 |
| 1/5/2022 | Prepare Answering Brief for Binding | 0.3 |
| 2/16/2022 | Team Meeting re Appeal | 1.5 |
| 3/15/2022 | Research mootness of appeal | 0.5 |
| 3/25/2022 | Draft Supplemental Brief | 1 |
| 3/29/2022 | Draft Supplemental Brief | 0.5 |
| 3/31/2022 | Discussion about appeal with DRA | 0.5 |
| 4/7/2022 | Team meeting re Impact of MPI Order on Oral Argument | 1 |
| 4/12/2022 | Discuss Oral Argument and Moot | 1.5 |

| | | |
|---|---|---|
| 4/13/2022 | Moot Argument | 1.5 |
| 4/13/2022 | Review briefs and prepare outline | 1 |
| 4/14/2022 | Prepare Outline | 2 |
| 4/14/2022 | Moot Argument | 2 |
| 4/15/2022 | Prepare for Oral Argument | 3 |
| 4/15/2022 | Argument | 1 |
| 4/18/2022 | Debrief of Legal Argument | 1 |
| 4/27/2022 | Meeting to Review Order | 0.5 |
| 4/27/2022 | Press re Order | 0.5 |
| 5/2/2022 | Team Meeting with Appeals Team | 1.5 |
| 5/9/2022 | Email re Appeal Question | 0.5 |
| 5/19/2022 | Draft Objections to Costs | 1.4 |
| 5/23/2022 | Draft Objections to Costs | 0.6 |
| 5/24/2022 | Draft Objections to Costs | 1.2 |
| 5/25/2022 | Draft Objections to Costs | 5.9 |
| 5/25/2022 | Draft Declarations for Objections to Costs | 1 |
| | | |
| | | 65.5 |
| | **Total** | 256.8 |

# Exhibit B

**Siegel & Yee**
# Transaction Detail by Account
### All Transactions

03/17/23

| Date | Num | Name | Memo | Amount | Balance |
|---|---|---|---|---|---|
| **Litigation Costs** | | | | | |
| **Where Do We Go Berkeley** | | | | | |
| 9/21/2021 | | Veritext LLC | | 1,216.00 | 1,216.00 |
| 9/28/2021 | | Imagine Court Reporting | | 1,749.50 | 2,965.50 |
| 11/2/2021 | | Angela Curiale | | 2,500.00 | 5,465.50 |
| 1/5/2022 | | Pro Copy & Printing | | 282.89 | 5,748.39 |
| 1/27/2022 | | United Parcel Services | Postage | 52.38 | 5,800.77 |
| Total Where Do We Go Berkeley | | | | 5,800.77 | 5,800.77 |
| Total Litigation Costs | | | | 5,800.77 | 5,800.77 |
| **TOTAL** | | | | **5,800.77** | **5,800.77** |

# Exhibit C

# Angela Curiale, Ph.D
## Licensed Psychologist
5020 Kenneth Ave, Fair Oaks
CA, 95628

Dan Siegel, Esq.
Emily Ross, Esq.
475 14th st.
Suie 500
Oakland, California 94612

10-20-21

Fee for services rendered 9-10-21.
Opinions regarding most conducive living situations for:

Ronnie Brooks
Jason Miller
Kinndra Martin
Kevin Coddington
Jonathan James
Mariah Jackson
Sarah Teague
Terry Lee Walker
Jose Morfin
Alejandro Meyers
Shawna Garcia

10 hours at $250 an hour
Due and payable $2,500.

Angela Curiale, Ph.D
Psychologist
(916)671-0127

*Where Do We Go*
*Berkeley*



## Aiken Welch, A Veritext Company - California Region

Tel. 510-451-1580 Email: Clientservices-Aiken@veritext.com
Fed. Tax ID:20-3132569

| | |
|---|---|
| Bill To: EmilyRose Johns<br>Siegel & Yee<br>475 14th St<br>Ste 500<br>Oakland, CA, 94612 | **Invoice #:** 5255892<br>**Invoice Date:** 9/13/2021<br>**Balance Due:** **$1,216.00** |

| Case: Where Do We Go Berkeley  v. California Department Of Transportation (21CV04435EMC) | Proceeding Type: Depositions |
|---|---|

Job #: 4796090    |    Job Date: 9/9/2021    |    Delivery: Daily

Location:           Los Angeles, CA

Billing Atty:       EmilyRose Johns

Scheduling Atty:    EmilyRose Johns | Siegel Yee Brunner & Mehta

| Witness: Cheryl Chambers | Quantity | Amount |
|---|---|---|
| Original with 1 Certified Transcript | 83.00 | $373.50 |
| Transcript - Expedited | 83.00 | $373.50 |
| Attendance | 1.00 | $120.00 |
| Exhibits | 28.00 | $14.00 |
| Veritext Virtual Primary Participants | 1.00 | $295.00 |
| Production & Processing | 1.00 | $40.00 |

| Notes: | Invoice Total: | $1,216.00 |
|---|---|---|
| | Payment: | $0.00 |
| | Credit: | $0.00 |
| | Interest: | $0.00 |
| | Balance Due: | $1,216.00 |

TERMS:   Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

pd 9/21

---

Please remit payment to:
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID:20-3132569

To pay online, go to www.veritext.com
Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

**Invoice #:** 5255892
**Invoice Date:** 9/13/2021
**Balance Due:** $1,216.00

49646

# IMAGINE
### REPORTING
1350 COLUMBIA STREET, SUITE 703
SAN DIEGO, CALIFORNIA 92101
M. 619.888.0297 | F. 619.291.8629

# INVOICE
1 of 1

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 52200 | 9/17/2021 | 58011 |

| Job Date | Case No. | |
|---|---|---|
| 9/15/2021 | 21-CV-04435-EMC | |

| Case Name | | |
|---|---|---|
| Where Do we Go Berkeley v. California Department of Transportation | | |

| Payment Terms | | |
|---|---|---|
| Due upon receipt | | |

Emily Rose Naomi Johns
Siegel Yee Brunner & Mehta
475 14th Street, Suite 500
Oakland, CA 94612

CERTIFICATE OF NON-APPEARANCE:
    Plaintiff Witnesses
    480.00

**TOTAL DUE  >>>**    **$480.00**

INVOICE DUE UPON RECEIPT AND IS NOT CONTINGENT UPON YOUR CLIENT'S PAYMENT.

By accepting receipt of the transcript and/or court reporting/videography/videoconferencing/records and any attorney services identified above, the attorney/law firm/court reporting firm invoiced above accepts liability for its payment and for all collection of legal fees necessitated by default in payment.

Please reference your invoice number(s) for proper remittance.

PAY ONLINE NOW AT: www.ImagineReporting.com

| (-) Payments/Credits: | 0.00 |
|---|---|
| (+) Finance Charges/Debits: | 0.00 |
| **(=) New Balance:** | **$480.00** |

**Tax ID:** 38-3774639

*Please detach bottom portion and return with payment.*

Emily Rose Naomi Johns
Siegel Yee Brunner & Mehta
475 14th Street, Suite 500
Oakland, CA 94612

| Invoice No. | : 52200 |
|---|---|
| Invoice Date | : 9/17/2021 |
| **Total Due** | : **$480.00** |

*Pd 9/28*

Remit To:  **Blue Light Inc dba Imagine Court Reporting**
        **1350 Columbia Street, Suite 703**
        **San Diego, CA 92101**

| Job No. | : 58011 |
|---|---|
| BU ID | : 04-CALT-BA |
| Case No. | : 21-CV-04435-EMC |
| Case Name | : Where Do we Go Berkeley v. California Department of Transportation |

# INVOICE

1 of 2

# IMAGINE
## REPORTING
1350 COLUMBIA STREET, SUITE 703
SAN DIEGO, CALIFORNIA 92101
M.619.888.0277 | F.619.291.8629

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 52213 | 9/17/2021 | 57779 |
| Job Date | Case No. | |
| 9/14/2021 | 21-CV-04435-EMC | |
| Case Name | | |
| Where Do we Go Berkeley v. California Department of Transportation | | |
| Payment Terms | | |
| Due upon receipt | | |

Emily Rose Naomi Johns
Siegel Yee Brunner & Mehta
475 14th Street, Suite 500
Oakland, CA 94612

| | |
|---|---:|
| CERTIFIED COPY OF TRANSCRIPT OF - Minimum Transcript Fee: | |
| Sarah Teague (A) | 408.00 |
| CERTIFIED COPY OF TRANSCRIPT OF - Minimum Transcript Fee: | |
| Terry Lee Walker, Jr. (B) | 381.50 |
| CERTIFICATE OF NON-APPEARANCE: | |
| Multiple Witnesses: Jonathan James, Jason Miller, Kinndra Martin, Jose Morfin and Alejandro Meyers | 480.00 |
| **TOTAL DUE  >>>** | **$1,269.50** |

INVOICE DUE UPON RECEIPT AND IS NOT CONTINGENT UPON YOUR CLIENT'S PAYMENT.

By accepting receipt of the transcript and/or court reporting/videography/videoconferencing/records and any attorney services identified above, the attorney/law firm/court reporting firm invoiced above accepts liability for its payment and for all collection of legal fees necessitated by default in payment.

Please reference your invoice number(s) for proper remittance.

PAY ONLINE NOW AT: www.ImagineReporting.com

**Tax ID:** 38-3774639

*Please detach bottom portion and return with payment.*

Emily Rose Naomi Johns
Siegel Yee Brunner & Mehta
475 14th Street, Suite 500
Oakland, CA 94612

| | | |
|---|---|---|
| Invoice No. | : | 52213 |
| Invoice Date | : | 9/17/2021 |
| **Total Due** | : | **$1,269.50** |

pd 9/28

Remit To: **Blue Light Inc dba Imagine Court Reporting**
**1350 Columbia Street, Suite 703**
**San Diego, CA 92101**

| | | |
|---|---|---|
| Job No. | : | 57779 |
| BU ID | : | 04-CALT-BA |
| Case No. | : | 21-CV-04435-EMC |
| Case Name | : | Where Do we Go Berkeley v. California Department of Transportation |

**UPS**

**Delivery Service Invoice**

| | |
|---|---|
| Invoice Date | **January 15, 2022** |
| Invoice Number | 0000F76039032 |
| Shipper Number | F76039 |
| Control ID | 629C |
| Page 1 of 3 | |

0386A0000F760393    77422030031987
MB 01 039215 19975 H 117 A

**SIEGEL, YEE, & BRUNNER**
**475 14TH ST RM 500**
**OAKLAND, CA 94612-1925**

Sign up for electronic billing today!
Visit ups.com/billing

For questions about your invoice, call:
(800) 811-1648
Monday - Friday
8:00 a.m. - 6:00 p.m. E.T.

or write:
UPS
P.O.BOX 809488
CHICAGO, IL 60680-9488

## Incentive Savings

| | |
|---|---|
| Total incentive savings this period | $ 4.68 |

Your amount due this period includes these savings.
See incentive summary section for details.

## Account Status Summary
## Weekly Payment Plan

| | |
|---|---|
| Amount Due This Period | $ 52.38 |
| Amount Outstanding (prior invoices) | $ 178.02 |
| Total Amount Outstanding | $ 230.40 |

Please include the **Return Portion** of each outstanding invoice with your payment. See Account Status for details.

## Questions about your charges?

To get a better understanding of the charges on your invoice, visit our invoice guide and glossary of billing charges at ups.com/invoiceguide.

## Thank you for using UPS.
## Summary of Charges

| Page | | Charge |
|---|---|---|
| | **Outbound** | |
| 3 | UPS Shipping Document | $ 34.38 |
| 3 | Adjustments & Other Charges | $ 18.00 |
| **Amount due this period** | | **$ 52.38** |

UPS payment terms require payment of this invoice by January 26, 2022.

Payments received late are subject to a late payment fee of 6% of the Amount Due This Period. (see Tariff/Terms and Conditions of Service at ups.com for details)

*Note: This invoice may contain a fuel surcharge as described at ups.com. For more information, please visit ups.com.*

---

**UPS** *Return Portion*

Please tear off and send with your payment in the enclosed envelope. Do not use staples or paper clips.

| | |
|---|---|
| Invoice Date | **January 15, 2022** |
| Invoice Number | 0000F76039032 |
| Shipper Number | F76039 |

**SIEGEL, YEE, & BRUNNER**
**475 14TH ST RM 500**
**OAKLAND, CA 94612-1925**

*Where do We Go Berkeley*

| | |
|---|---|
| Amount due this period | **$ 52.38** |
| Amount enclosed | |

If this billing address is incorrect, mark an "X" in this box and make the appropriate changes above.

UPS
P.O.BOX 650116
DALLAS, TX 75265-0116

F76039 3 011522 0386 1 00000052380 3

039215 1/2