| | |
|---|---|
| DAN SIEGEL, SBN 56400 | ANDREA M. HENSON, SBN 331898 |
| EMILYROSE JOHNS, SBN 294319 | MOUZIS CRIMINAL DEFENSE |
| SIEGEL, YEE, BRUNNER & MEHTA | 1819 K Street, Suite 200 |
| 475 14th Street, Suite 500 | Sacramento, CA 95811 |
| Oakland, California 94612 | Telephone: (916) 822-8702 |
| Telephone: (510) 839-1200 | Facsimile: (916) 822-8712 |
| Facsimile: (510) 444-6698 | Email: hensona@jennifermouzislaw.com |
| Email: danmsiegel@gmail.com; | |
| emilyrose@siegelyee.com | OSHA NEUMANN SBN 127215 |
| | LAW OFFICES OF OSHA NEUMANN |
| BRIGITTE NICOLETTI, SBN 336719 | 1840 Woolsey St. |
| EAST BAY COMMUNITY LAW CENTER | Berkeley, CA 94703 |
| 1950 University Avenue, Suite 200 | Telephone: (510) 717-8604 |
| Berkeley, CA 94704 | Email: oshaneumann@gmail.com |
| Telephone: (510) 977-2511 | |
| Email: bnicoletti@ebclc.org | *Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WHERE DO WE GO BERKELEY, on behalf of itself and those it represents; RONNIE BROOKS; JASON MILLER; KINNDRA MARTIN; KEVIN CODDINGTON; JONATHAN JAMES; MARIAH JACKSON; SARAH TEAGUE; TERRY LEE WALKER; JOSE MORFIN; ALEJANDRO MEYERS; and SHAWNA GARCIA, <br><br>　　　　Plaintiffs, <br><br>　vs. <br><br>CALIFORNIA DEPARMENT OF TRANSPORATION (Caltrans), et. al <br><br>　　　　Defendants. | Case No.: 21-CV-04435-EMC <br><br>**DECLARATION OF DAN SIEGEL IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br>Date:  May 25, 2023 <br>Time:  1:30 p.m. <br>Ctrm:  5 – 17th Floor <br>　　　　450 Golden Gate Avenue, <br>　　　　San Francisco, CA 94102 |

---

*Where Do We Go Berkeley v. Caltrans*, No. 21-CV-04435-EMC
Declaration of Dan Siegel ISO Motion for Attorneys' Fees and Costs

I, Dan Siegel, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a partner at Siegel, Yee, Brunner & Mehta. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify.

2. I am a 1970 graduate of Boalt Hall School of Law (now Berkeley Law), University of California, Berkeley. Prior to attending law school I graduated *magna cum laude* from Hamilton College in Clinton, New York, in 1967.

3. I am admitted to practice before the United States Supreme Court, the California Supreme Court, the United States Courts of Appeals for the Eighth and Ninth Circuits, and all federal district courts in California and the District of North Dakota. I have been specially admitted to appear before federal district courts in the states of Alabama, Alaska, Arizona, Minnesota, Nevada, Utah, and Washington and before state courts in Alaska, Arizona, Minnesota, Nevada, New York, North Dakota, and Rhode Island.

4. After graduating from law school, I worked for the Legal Aid Society of Alameda County as a Reginald Heber Smith Community Law Fellow. I then worked with the National Lawyers Guild Military Law Office representing American military personnel in courts martial throughout South and East Asia. I have worked in private practice with the firm of Siegel, Yee, Brunner & Mehta and its predecessors from 1974 through 1987 and 1993 through the present. From 1987 through 1989 I served as Chief of Complex Litigation for the San Francisco City Attorney and from 1990 through 1992 served as General Counsel to the Oakland Unified School District. I was the General Counsel of the Pacifica Foundation, which owns and operates five radio stations across the United States, from April 2006 through January 2009.

5. I regularly teach in trial practice programs and served as adjunct faculty at Golden Gate University School of Law from 1975 through 1979, where I taught basic and advanced courses in labor law. From 2002 through 2010 I was a visiting assistant professor at the School of Education at Mills College, where I taught a graduate course in education law. I am co-editor of the *Employee and Union Member Guide to Labor Law* (Clark Boardman, 1981).

6. My experience as an attorney includes over 130 jury trials and a similar number of court trials and arbitration hearings. I have also argued approximately 40 cases in state and federal appellate courts and sat as a judicial arbitrator in Alameda County for many years. My practice emphasizes employment, civil rights, and labor matters.

7. I have been listed as a California "Super Lawyer" every year since 2009 and as a "Top Lawyer in California" by The Legal Network and a "Distinguished Attorney" by Martindale-Hubbell. The *Los Angeles Daily Journal* named me as one of the Top 100 lawyers and Top Labor and Employment Lawyers in California in 2018. The San Francisco Bay Area Chapter of the National Lawyers Guild awarded me its Champion of Justice Award in April 2014.

8. I regularly represent employees in employment discrimination cases and in cases against public entities. I have been awarded attorneys' fees in approximately 20 cases since 1993.

9. I began representing faculty members at the university level in 1993 in the case of Jenny Harrison, who sued the University of California, Berkeley, for sex discrimination following the denial of her application for tenure in the Department of Mathematics. The landmark settlement of that case led to Dr. Harrison's promotion with tenure to a full professorship. In the contested attorneys' fee litigation following that settlement, I was awarded an hourly rate of $325 for my work. (The hourly rate that I requested was not contested.) (*Harrison v. The Regents of the University of California*, Alameda County Superior Court No. 655619-4.)

10. In October 1994, I was retained by Laurie A. Vollen, M.D., to represent her in litigation challenging her termination as Director of Student Health at Arizona State University. Dr. Vollen alleged that she was fired for challenging the university Athletic Director over the authority to make medical decisions concerning varsity athletes. On May 1, 1997, following a six-week trial, the jury awarded Dr. Vollen $999,053 in damages, the highest award in an employment case in Arizona that year. In the contested attorneys' fee litigation following the trial, the court awarded a total of $564,558 in fees, including fees for my services at the requested rate of $325 per hour. (*Vollen v. Arizona State University*, Maricopa County Superior Court No. CV 94-03404.)

11. From 1997 through 2001, I represented Colleen Crangle, who alleged that she was terminated from her position as a research scientist at the Stanford University School of Medicine in retaliation for her complaints of gender bias. Following a three-week trial in March 2000, the jury awarded $545,000 in compensatory, economic, and punitive damages to Dr. Crangle, the first such award in a discrimination case against Stanford. In the contested attorneys' fee litigation following the trial, the court awarded a total of $492,925 in fees, including fees for my services at the requested rate of $375 per hour. (*Crangle v. Stanford University*, U.S.D.C. N.D. Cal. No. C 97-20966 JW.)

12. From 2005 through 2008, I represented Lindy Vivas, who alleged that her termination as the head women's volleyball coach at California State University, Fresno, violated her rights to be free from discrimination and retaliation under the California Fair Employment and Housing Act and Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681). Following a five-week trial in June and July 2007, the jury awarded $5.85 million to Ms. Vivas for economic harm and emotional distress. In the contested attorneys' fee litigation following the trial, the court awarded a total of $664,755 in fees, including fees for my services at the rate of $450 per hour, enhanced by a 1.5 multiplier. (*Vivas v. Board of Trustees of the California State University*, Fresno County Superior Court No. 06CECG00440)

13. In 2007 and 2008, I served as co-counsel for Stacy Johnson-Klein, who alleged that her termination as the head women's basketball coach at California State University, Fresno, violated her rights to be free from discrimination, retaliation, and sexual harassment under the California Fair Employment and Housing Act and Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681). Following a nine-week trial in October-December 2007, the jury awarded $19.1 million to Ms. Johnson-Klein for economic harm and emotional distress, the largest award to an individual in an employment case in California that year. In the contested attorneys' fee litigation following the trial, the court awarded a total of $2,504,139 in fees, including fees for my services at the rate of $450 per hour, enhanced by 2.0 multiplier. (*Johnson-Klein v. Board of Trustees of the California State University*, Fresno County Superior Court No. 05CECG02645.)

14. From 2005 through 2010, I was co-counsel for Nimachia Hernandez in her claim for discrimination on the basis of disability and ethnicity and failure to accommodate, leading to her termination from a tenure track position at the University of California, Berkeley. Following a three and one-half week trial in August and September 2009, the jury awarded $266,347 to Dr. Hernandez for lost compensation and emotional distress. In the contested attorneys' fee litigation following the trial, the court awarded a total of $623,908 in fees, including fees for my services at the rate of $500 per hour, enhanced by a 1.5 multiplier. (*Hernandez v. The Regents,* Alameda County Superior Court No. RG06272564.)

15. In 2010 and 2011, I defended Service Employees International Union Local 87 against wage and hour claims brought by five former employees. At the conclusion of a two week trial, the San Francisco Superior Court entered judgment in favor of my client on all claims. The court awarded attorneys' fees to my client, including fees for my services at $650 per hour. (*Vega v. Services Employees,* San Francisco Superior Court No. Case No. CGC–O8-482341.)

16. I represented Wendy Nishikawa Jaffa in her gender bias case against The Regents of the University of California in the Los Angeles County Superior Court. In the contested fee litigation following a jury verdict in Ms. Jaffa's favor, the court awarded attorneys' fees to my client, including fees for my services at $650 per hour in September 2012. *(Jaffa v. The Regents,* Los Angeles County Superior Court, Case No. BC446627.)

17. I represented Kathleen Carroll in her whistle blower retaliation case against the State of California Commission on Teacher Credentialing from 2011 through 2016. Following a two-week trial the jury awarded Ms. Carroll damages of $3,065,000. The court awarded attorneys' fees of $638,484 to my firm, including fees for my time at the rate of $450 per hour enhanced by a 1.5 multiplier. In his fee order, Judge Russell Hom stated, "Plaintiff's lead counsel, Mr. Siegel, demonstrated exceptional skill and strategic acumen in his prosecution of the case." (*Carroll v. State of California, Commission on Teacher Credentialing,* Sacramento County Superior Court No. 2012 00135527)

18. I represented Shannon Miller in her gender bias and Title IX retaliation case against the University of Minnesota-Duluth from 2014 through 2019, following the termination of her

employment as head coach of the women's ice hockey team. Following a two-week trial, the jury awarded Ms. Miller damages of $3.74 million. U.S. District Judge Patrick J. Schiltz awarded fees to me at the requested hourly rate of $750, stating, "The SYBM attorneys are quite skilled, and the three highest-billing timekeepers (Dan Siegel, Jane Brunner, and Anne Weills) have many decades' worth of experience among them. Siegel (the lead attorney) has nearly 50 years of experience, has worked on over 130 jury trials and a similar number of court trials and arbitration hearings, and has extensive specialized experience representing coaches and other employees against universities and other public employers." (*Miller v. The Board of Regents of the University of Minnesota* (D. Minn. 2019) No. 15-CV-3740)

19. From June 2020 through the present, I was lead counsel for the plaintiff class in *APTP v. City of Oakland,* pending in the United States District Court for the Northern District of California, No. 3:20-cv-03866-JCS. On December 19, 2022, the Court granted final approval for the class action settlement in the case, which provided for substantial equitable relief to regulate the actions, tactics, and weapons to be utilized by the Oakland Police Department and mutual aid agencies during protest activities in Oakland. The Court's order approving class counsel's attorneys' fees included reimbursement for my time at an hourly rate of $800.

20. I entered my appearance in this matter on July 19, 2021. My firm took on this case full contingency.

21. I have a busy litigation practice and supervise five other attorneys. I typically have at least 10 cases scheduled for trial. The time I devoted to this case would otherwise have been devoted to work for which I could bill other clients.

22. I believe that a reasonable hourly rate for my work on this case is $1087. This figure is based upon my experience as an attorney, particularly in the representation of persons who have been discriminated against by state agencies and municipalities, the results obtained for my client in this difficult litigation, and fees paid to attorneys of similar experience engaged in similar litigation. Additionally, I believe that my time records reflect that I performed my work on this case very efficiently.

23. I have spent 23.1 hours on this case since July 14, 2021. My hours were spent largely in a supervisory and litigation strategizing role with Senior Associate EmilyRose Johns leading the litigation efforts for SYBM.

24. Siegel, Yee, Brunner & Mehta has a policy of exercising billing judgment and only charging for the hours reasonably spent on the litigation. Although using the lodestar calculation, I would be entitled to $25,109.70 in fees, I have chosen to waive my entitlement to fees in this case.

25. As of March 20, 2023, I have personally devoted 23.1 hours of my time to this litigation. Attached as Exhibit A is a true and accurate record of my hours devoted to this litigation. I compiled Exhibit A by (1) reviewing my daily, handwritten time records and taking from those records the time devoted to this litigation, and (2) by having my time entered directly on Exhibit A by a member of my staff. I personally checked to insure that Exhibit A is accurate and that time spent on other matters was excluded.

I have read this declaration and declare under penalty of perjury under the laws of the United States and the State of California that it is true and correct. Executed on the 20th Day of March, 2023, at Paris, France.

　　　　　　　　　　　　　　　　　　　　*/s/ Dan Siegel*
　　　　　　　　　　　　　　　　　　　　Dan Siegel

# Exhibit A

| Date | Description | Duration |
|---|---|---|
| 7/14/2021 | Meeting with Osha, Andrea, ERJ | 1 |
| 7/19/2021 | Notice of Appearance, File Review | 0.5 |
| 7/21/2021 | Email Andrea | 0.2 |
| 7/26/2021 | Review Opposition to Motion for Preliminary Injunction | 0.6 |
| 7/27/2021 | Email Alex Pevzner re Service | 0.2 |
| 8/4/2021 | Review Opposition to Motion for Preliminary Injunction | 0.2 |
| 8/26/2021 | Hearing, Judge Chen | 0.7 |
| 9/3/2021 | Hearing – Injunction / TRO | 1.9 |
| 9/14/2021 | Review Injunction Docs | 0.3 |
| 9/23/2021 | Preliminary Injunction Hearing | 1.3 |
| 9/29/2021 | Telephone Conference with Osha | 0.3 |
| 10/20/2021 | Review MTD reply | 0.2 |
| 12/25/2021 | Review Defendant's brief, email summary | 1.5 |
| 12/2/2021 | Review Chen's order | 0.3 |
| 12/14/2021 | Hearing of MTD | 1 |
| 12/15/2021 | Appeal - Work on brief | 0.8 |
| 12/16/2021 | Mtg re: brief | 1 |
| 12/21/2021 | Review MTD decision | 0.3 |
| 12/21/2021 | Review CA9 brief | 2 |
| 12/26/2021 | Edit CA 9 brief | 1.8 |
| 1/11/2022 | Court conf. | 0.5 |
| 2/22/2022 | CMC – Judge Chen | 0.6 |
| 3/17/2022 | Review Opposition to Motion for Preliminary Injunction | 0.2 |
| 3/23/2022 | Hearing on Motion for Prelim Injunction | 3.8 |
| 4/15/2022 | CA 9 argument | 1.4 |
| 5/23/2022 | Team mgt. | 0.3 |
| 12/7/2022 | Confer with ERJ | 0.2 |
| | | 23.1 |