DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
emilyrose@siegelyee.com

BRIGITTE NICOLETTI, SBN 336719
EAST BAY COMMUNITY LAW CENTER
1950 University Avenue, Suite 200
Berkeley, CA 94704
Telephone: (510) 977-2511
Email: bnicoletti@ebclc.org

ANDREA M. HENSON, SBN 331898
MOUZIS CRIMINAL DEFENSE
1819 K Street, Suite 200
Sacramento, CA 95811
Telephone: (916) 822-8702
Facsimile: (916) 822-8712
Email: hensona@jennifermouzislaw.com

OSHA NEUMANN SBN 127215
LAW OFFICES OF OSHA NEUMANN
1840 Woolsey St.
Berkeley, CA 94703
Telephone: (510) 717-8604
Email: oshaneumann@gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHERE DO WE GO BERKELEY, on behalf of itself and those it represents; RONNIE BROOKS; JASON MILLER; KINNDRA MARTIN; KEVIN CODDINGTON; JONATHAN JAMES; MARIAH JACKSON; SARAH TEAGUE; TERRY LEE WALKER; JOSE MORFIN; ALEJANDRO MEYERS; and SHAWNA GARCIA,<br><br>                     Plaintiffs,<br><br>          vs.<br><br>CALIFORNIA DEPARMENT OF TRANSPORATION (Caltrans), et. al<br><br>                     Defendants. | Case No.: 21-CV-04435-EMC<br><br>**DECLARATION OF ANDREA M. HENSON IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:  May 25, 2023<br>Time:  1:30 p.m.<br>Ctrm:  5 – 17th Floor<br>          450 Golden Gate Avenue,<br>          San Francisco, CA 94102 |

I, Andrea M. Henson declare as follows:

1.      I am an attorney licensed to practice in the State of California. I  have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify.

**Summary of Experience**

2.      I graduated from University of the District of Columbia, David A. Clarke College of Law in Washington, DC in May 2004.

3.      After graduation I was employed at the Federal Judicial Center ("FJC") the educational and research arm of the federal judiciary in Washington, DC from May 2002 through November 2012. Over the course of my tenure at the FJC, I served as a law clerk, a legal research assistant and eventually a national subject matter expert on judicial security and emerging technologies for the federal courts.

4.      From 2012 – 2014, after leaving the FJC, I served in several roles. I was as an information technology specialist for the United States Computer Emergency Readiness Team for the Department of Homeland Security, an Information Technology Director for the Justice Management Institute, and served as an independent consultant to federal courts.

5.      In 2015, I moved to Sacramento, California to help care for my elderly family members.

6.      In 2017 - 2019, I moved to the Bay Area, as a result of my employment as an operation manager and beekeeper for Bay Area Bee Company.

7.      From to 2018-2020, I volunteered at the East Bay Community Law Center in the Homeless Practice with Osha Neumann. Working closely with Mr. Neumann, I stopped evictions at homeless encampments, performed research and writing to include declarations and eviction defense for homeless individuals living throughout Berkeley, CA, Emeryville, CA, and Oakland, CA. I also engaged in direct outreach with homeless residents throughout the East Bay. I regularly spoke at City Council meetings, engaged with lawmakers, and advocated on behalf of the homeless communities in the East Bay.

8.      I was admitted to the bar in California in July 2020.

9. From June 2020 to June 2021, I worked as a litigation attorney at the Eviction Defense Center where I provided wrap around legal services by representing, defending, and counseling low and moderate income tenants with all aspects of their tenancy including eviction moratoriums.

10. While working at the Eviction Defense Center, I continue to work in support of people experiencing homelessness. I filed and argued civil rights claims on behalf of disabled homeless individuals living in an encampment in Emeryville, CA. I assisted in the development of legal strategy, met with clients, obtained declarations, drafted complaint and request for the injunction.

11. When Osha Neumann retired from the East Bay Community Law Center and went into private practice, I was hired to co-lead the Homeless Practice. While there, I participated in all aspects of homeless litigation including client interviews, motion practice, legal research, taking and defending dispositions, negotiations, advocacy in court, and client management. I engaged in direct outreach with homeless clients and conducted factual investigations. I was active in policy and advocacy work with city, county, and state political organization and representatives involving under resourced and vulnerable populations. I also assisted with criminal matters in state court, administrative hearings, advocacy to social services benefit providers and other relief services.

12. In June 2022, I moved to Sacramento. Since moving there, I have worked at Mouzis Criminal Defense, where I am an associate criminal defense attorney. I have continued my work on this case, I have maintained contact with many of the homeless people including plaintiffs, who call me for advice and assistance. I also assist homeless clients in the Sacramento Area with obtaining housing.

**My work on *Where Do We Go Berkeley v. Caltrans***

13. I entered my appearance in this case on June 6, 2021. Prior to entering my appearance, I assisted pro per plaintiffs in drafting their complaint, a Motion for a Temporary Restraining Order, and their individual declarations. My work on this case has been on full contingency.

14.     I participated in all aspects of the litigation. I drafted pleadings, defended depositions, had primary responsibility for contact the plaintiffs, and took part in all discussions regarding legal strategy and the direction of the case.

15.     While volunteering at the East Bay Community Law Center, and later as an attorney in its homeless practice, I had spent many hours in the encampments at Seabreeze and at Ashby, getting to know the people who were living there, and gaining their trust. At one point, in order to better understand what their lives were like, I lived for a week at the Seabreeze encampment, sharing the difficulties of life in a homeless encampment. I learned, in a way that would be impossible from a book, the pains and sorrows as well as the joys of the people we call generically "the homeless." Because of that experience, when Caltrans moved to conduct its evictions, I knew what that would mean for the people who were living those encampments and had no place to go. I knew how devastating it would be. I brought that knowledge to the litigation. When we were deciding who would be the plaintiffs in the case, I knew who would want to be part of the case, and who would be the best at articulating the devastating impact the evictions would have on them.

16.     Throughout the litigation I was the main contact with the encampments and with our plaintiffs. The network of people I had come to know was invaluable when it came to tracking down witnesses, no easy task given that people experiencing homelessness have no fixed address, often no working cell phone (it's often broken, lost or stolen, or they haven't been able to bill pay the bill)  and no access to the Internet. When gathering declarations, I knew from experience it was important to listen to whatever the person I was talking to urgently needed say, before trying to focus on what would be helpful for the litigation. All of our plaintiffs had experienced trauma. Having had some trauma in my life I was able to understand theirs. I shared my trauma with them so they were more comfortable and open sharing theirs with me. They were willing to talk about disabilities they spend most of their lives trying to conceal from others and from themselves. Trauma informed lawyering is not something they teach you in law school, but it is critical in the representation of people experiencing homelessness. It is one of the many reasons why that this litigation is particularly difficult.

**Reasonable Fees and Costs**

17.     Attached hereto as Exhibit A is a true and accurate record of my hours devoted to this litigation. I compiled Exhibit A by (1) reviewing my daily time records and taking from those records the time devoted to this litigation; and (2) entering my time directly on Exhibit A. I personally checked to ensure that Exhibit A is accurate.

18.     I have expended 119.9 hours on this case. My billing rate is $365 an hour. My lodestar therefore is $41,965.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed on the 20th day of March 20, 2023, at Sacramento, California.


*/s/ Andrea M. Henson*
Andrea M. Henson

# Exhibit A

EXHIBIT A

## Hours of Andrea Henson

| Date | Activity | Hours | |
|---|---|---|---|
| 6/10/2021 | Prep for hearing TRO | 0.4 | |
| 6/10/2021 | Hearing on TRO | 0.1 | |
| 8/3/2021 | Zoom with Caltrans | 0.4 | |
| 8/3/2021 | Conference call lawyers | 0.3 | |
| 8/4/2021 | Conference call lawyers | 1.5 | |
| 8/5/2021 | Waiting on call for hearing to begin | 1.8 | |
| 8/5/2021 | Hearing on prelim inj | 0.3 | |
| 8/5/2021 | Zoom with lawyers | 1.1 | |
| | **Hours on original complaint** | | **5.9** |
| | | | |
| 8/10/2021 | Phone Call with Lawyers | 0.9 | |
| 8/12/2021 | Outreach to clients at Seabreeze | 2.4 | |
| 8/13/2021 | Outreach at  Ashby Shellmound to assess whose there | 1.8 | |
| 8/16/2021 | Zoom with lawyers | 0.4 | |
| 8/20/2021 | Zoom drafting 1st Amended complaint | 2.5 | |
| 8/24/2021 | Zoom with lawyers re TRO, response to Alex | 0.5 | |
| 8/26/2021 | Zoom re hearing | 0.4 | |
| 8/26/2021 | Prep for hearing on prelim inj. | 2.8 | |
| | **Hours on First Amended Complaint** | 9 | **11.7** |
| | | | |
| 8/26/2021 | Conference call re hearing | 0.2 | |
| 8/27/2021 | Outreach to gather declarations | 4.1 | |
| 8/28/2021 | Outreach to gather declarations, draft decs | 5.6 | |
| 9/2/2021 | Conf call with Ryu re settlement | 2 | |
| 9/3/2021 | Hearing on TRO | 1.9 | |
| 9/3/2021 | Conf call re hearing | 0.2 | |
| 9/3/2021 | Conf call with Ryu re settlement | 0.3 | |
| 9/3/2021 | Lawyer  meeting to discuss next steps | 1 | |
| 9/4/2021 | Outreach to talk to plaintiffs re depos | 6.4 | |
| 9/5/2021 | Conf call lawyers re depos | 0.5 | |
| 9/8/2021 | Conf call re depos of plaintiffs and pleadings | 0.5 | |
| 9/8/2021 | Conf call re depos of plaintiffs and pleadings | 0.3 | |
| 9/9/2021 | Conf. call lawyers | 0.3 | |
| 9/9/2021 | Review depo notices | 0.2 | |
| 9/11/2021 | Conference call lawyers | 0.5 | |
| 9/13/2021 | Find prep plaintiffs for depos | 1.3 | |
| 9/13/2021 | Defend depos | 3.8 | |
| 9/14/2021 | Find prep plaintiffs for depos | 3.3 | |
| 9/15/2021 | Look for plaintiffs for depos | 3.5 | |
| 9/16/2021 | Find prep And debrief plaintiffs for depos | 2.9 | |
| 9/16/2021 | Phone with Osha re depos | 0.1 | |
| 9/17/2021 | Prep for 9/23 hearings | 1.1 | |
| 9/17/2021 | Go with Osha to look for plaintiffs for depos | 1.6 | |
| 9/20/2021 | Prep for hearings | 0.9 | |

EXHIBIT A

## Hours of Andrea Henson

| Date | Description | Hours | |
|---|---|---|---|
| 9/21/2021 | Zoom with lawyers re hearings | 1 | |
| 9/22/2021 | Zoom with lawyers | 0.4 | |
| 9/23/2021 | Prep for hearings | 1.2 | |
| 9/23/2021 | Settlement conference | 2.8 | |
| 9/23/2021 | Prelim inj hearing | 2.2 | |
| 9/23/2021 | Outreach to Plaintiffs to report decision | 3.1 | |
| 9/28/2021 | Conference call re Shellmound posting | 0.2 | |
| 9/29/2021 | Zoom w/ CT lawyers re posting at Shellmound | 0.3 | |
| 10/11/2021 | Zoom w/ lawyers re motion to dismiss | 0.3 | |
| 10/26/2021 | Review court order | 0.2 | |
| 12/2/2021 | Outreach to plaintiffs | 3.4 | |
| 12/10/2021 | Prep for Motion to dismiss hearing | 1 | |
| 12/14/2021 | Motion to dismiss hearing | 0.8 | |
| 12/16/2021 | Team call with DRA | 1.3 | |
| 12/17/2021 | Team call with DRA | 0.9 | |
| 12/20/2021 | Team call with DRA | 0.8 | |
| 12/21/2021 | Team call with DRA | 1 | |
| 12/22/2021 | Webex with Caltrans | 0.5 | |
| 12/22/2021 | Phone with ER and Osha | 0.3 | |
| 12/23/2021 | Zoom with DRA | 1 | |
| 1/3/2022 | Outreach for info for status report | 1.9 | |
| 1/4/2022 | Zoom re status report | 0.5 | |
| 1/4/2022 | Phone call with ER re status report | 0.5 | |
| 1/5/2022 | Zoom re WDWGB report and next steps | 1.1 | |
| 1/10/2022 | Zoom with attorneys and Ian re status conf | 0.3 | |
| 1/11/2022 | Status conference | 1.1 | |
| 1/11/2022 | Phone calls with Osha, EmilyRose | 0.4 | |
| 1/26/2022 | Zoom with lawyers and Ian | 0.6 | |
| 2/16/2022 | Meet with DRA lawyers zoom | 0.7 | |
| 2/16/2022 | Zoom meet attorneys | 0.4 | |
| 2/21/2022 | Phone with Osha re Status conference | 0.2 | |
| 2/22/2022 | Prep for status conference | 0.5 | |
| 2/22/2022 | Status conference | 0.4 | |
| 2/28/2022 | Zoom with DRA attorneys | 0.4 | |
| 3/2/2022 | Zoom with DRA | 0.4 | |
| 3/3/2022 | Zoom with DRA | 0.4 | |
| 3/3/2022 | Draft PI motion | 0.9 | |
| 3/7/2022 | Phone with Osha re PI filing | 0.4 | |
| 3/9/2022 | Zoom re Roles pleading errata | 0.4 | |
| 3/14/2022 | Zoom re PI hearing | 0.4 | |
| 3/16/2022 | Prep for hearing, review pleadings | 0.7 | |
| 3/16/2022 | Zoom with DRA | 0.4 | |
| 3/19/2022 | Zoom with Osha and ER re hearing | 0.4 | |
| 3/22/2022 | Prep for hearing | 0.8 | |
| 3/22/2022 | Zoom with Sean re hearing | 0.4 | |
| 3/23/2022 | Hearing on motion for PI | 0.4 | |
| 3/23/2022 | Debrief meet with DRA | 0.4 | |

EXHIBIT A

## Hours of Andrea Henson

| | | | |
|---|---|---|---|
| 3/23/2022 | Post hearing meet Osha and BN | 0.4 | |
| 5/2/2022 | Zoom re next steps court | 0.4 | |
| 5/16/2022 | Zoom with DRA re next steps | 0.4 | |
| 5/23/2022 | Zoom with DRA re opposing  costs | 0.4 | |
| 11/8/2022 | Prep for zooms re CMC | 0.5 | |
| 11/8/2022 | Zoom with us re zoom with Alex | 0.4 | |
| 11/8/2022 | Zoom with Alex re CMC | 0.4 | |
| 1/9/2023 | Zoom with EmRo re CMC and hours | 0.4 | |
| 3/1/2023 | Teams video with DRA | 0.4 | |
| 3/15/2023 | Compile hours | 2.9 | |
| 3/16/2023 | Draft dec for fee motion | 2.1 | |
| | **Hours on Second Amended Complaint and Fees** | | **89.7** |
| | | | |
| | **APPEAL HOURS** | | |
| 12/6/2021 | Zoom with DRA attorneys | 0.7 | |
| 12/12/2021 | Phone call with Osha redraft of my section | 0.3 | |
| 12/13/2021 | Zoom with DRA attorneys | 0.4 | |
| 4/7/2022 | Zoom with DRA attorneys re appeal | 0.8 | |
| 4/12/2022 | Review record to moot EmRo | 1.6 | |
| 4/12/2022 | Moot zoom with DRA | 1.3 | |
| 4/13/2023 | Moot zoom with DRA | 1.7 | |
| 4/14/2022 |  Review record to moot EmRo | 0.8 | |
| 4/14/2022 | Moot zoom with DRA | 2 | |
| 4/15/2022 | Appeal hearing | 1 | |
| 4/15/2022 | Debrief hearing | 1 | |
| 4/27/2022 | Zoom with attorneys to discuss response | 0.2 | |
| 5/2/2022 | Zoom With DRA  re appeal and dec relief | 0.4 | |
| 5/9/2022 | Zoom with DRA re appeal next steps | 0.4 | |
| | **Hours on  Appeal** | | **12.6** |
| | | | |
| | | | |
| | | | |
| | **Total** | | 119.9 |