DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
emilyrose@siegelyee.com

BRIGITTE NICOLETTI, SBN 336719
EAST BAY COMMUNITY LAW CENTER
1950 University Avenue, Suite 200
Berkeley, CA 94704
Telephone: (510) 977-2511
Email: bnicoletti@ebclc.org

ANDREA M. HENSON, SBN 331898
MOUZIS CRIMINAL DEFENSE
1819 K Street, Suite 200
Sacramento, CA 95811
Telephone: (916) 822-8702
Facsimile: (916) 822-8712
Email: hensona@jennifermouzislaw.com

OSHA NEUMANN SBN 127215
LAW OFFICES OF OSHA NEUMANN
1840 Woolsey St.
Berkeley, CA 94703
Telephone: (510) 717-8604
Email: oshaneumann@gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHERE DO WE GO BERKELEY, on behalf of itself and those it represents; RONNIE BROOKS; JASON MILLER; KINNDRA MARTIN; KEVIN CODDINGTON; JONATHAN JAMES; MARIAH JACKSON; SARAH TEAGUE; TERRY LEE WALKER; JOSE MORFIN; ALEJANDRO MEYERS; and SHAWNA GARCIA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARMENT OF TRANSPORATION (Caltrans), et. al<br><br>Defendants. | Case No.: 21-CV-04435-EMC<br><br>**DECLARATION OF THOMAS P. ZITO IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:  May 25, 2023<br>Time: 1:30 p.m.<br>Ctrm: 5 – 17th Floor<br>         450 Golden Gate Avenue,<br>         San Francisco, CA 94102 |

I, Thomas P. Zito, hereby declare:

1. I am an attorney duly licensed to practice law in the State of California and am a Supervising Attorney with Disability Rights Advocates, which served as co-counsel for Plaintiffs in this matter. The statements made in this declaration are made of my own personal knowledge. If called as a witness, I could and would testify competently to the facts set forth in this declaration. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

2. DRA is a 501(c)(3) non-profit public interest law firm exclusively dedicated to advancing the civil rights of people with disabilities. Over DRA's 29-year history, it has successfully litigated hundreds of civil rights class action and impact cases on behalf of people with disabilities, and it is generally acknowledged to be one of the nation's leading law firms of any sort practicing in the area of disability rights.

3. Because of its specialized expertise in this area and long track-record of success, DRA is regularly asked to co-counsel with private firms and other non-profits to increase litigation resources and spread the risk of taking on complex or precedent-setting cases in the disability context.

4. DRA generally handles cases in which our clients cannot afford to retain legal counsel. Our clients do not pay for our services, and DRA receives no government funding. DRA's ability to continue representing such clients and fighting for their civil rights is largely dependent upon receiving court-awarded fees in the cases in which we are successful.

5. In addition to conducting class action and impact litigation, DRA engages in public service work that is not fee-generating, such as providing free legal referrals and conducting workshops and presentations to inform people with disabilities of their legal rights. Senior attorneys at DRA regularly lecture to local, state, and national legal and professional organizations on the law applicable to persons with disabilities.

6. All co-counsel in this matter took responsibility for different aspects of the litigation. While DRA provided advice and consultation on many aspects of this case, our work was primarily focused on the sections of our Ninth Circuit appeal opposition brief relating to the Americans with

Disabilities Act (including briefing on the broad applicability of Title II that was affirmed in the Ninth Circuit's decision). Our full lodestar in this case was $184,206.50, however DRA <u>is not</u> seeking its reasonable attorneys' fees incurred for its work in this matter. DRA is not seeking fees in order to support of the reasonableness of plaintiffs' requested attorneys' fees for litigating this case and getting the excellent and very necessary relief for the plaintiffs who are all extremely low-income houseless people with disabilities.

7. I know that many firms are hesitant to take contingent cases in which the fee would be less than double the rates they charge to paying clients, because of the risk of loss. Setting the fee to reflect the risk of loss makes contingent risk cases competitive in the legal marketplace and is necessary to ensure that meritorious cases will be brought to enforce important legislation. Without accounting for contingent risk, plaintiffs seeking to enforce important civil rights would face substantial difficulty in obtaining counsel.

8. There is but a small bar of attorneys available who have the specialized experience and the willingness to take on complex litigation and to litigate issues concerning houselessness and people with disabilities. Cases like this one are generally unattractive to the bar because of (a) the specialized knowledge necessary to competently conduct such litigation, (b) the time entailed in litigating against a government actor, (c) the delay in payment, (d) the substantial disbursements that counsel must front, and (e) the uncertainty of payment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Portland, Oregon this 20th day of March 2023.

_____
Thomas Zito