DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
emilyrose@siegelyee.com

BRIGITTE NICOLETTI, SBN 336719
EAST BAY COMMUNITY LAW CENTER
1950 University Avenue, Suite 200
Berkeley, CA 94704
Telephone: (510) 977-2511
Email: bnicoletti@ebclc.org

ANDREA M. HENSON, SBN 331898
MOUZIS CRIMINAL DEFENSE
1819 K Street, Suite 200
Sacramento, CA 95811
Telephone: (916) 822-8702
Facsimile: (916) 822-8712
Email: hensona@jennifermouzislaw.com

OSHA NEUMANN SBN 127215
LAW OFFICES OF OSHA NEUMANN
1840 Woolsey St.
Berkeley, CA 94703
Telephone: (510) 717-8604
Email: oshaneumann@gmail.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WHERE DO WE GO BERKELEY, on behalf of itself and those it represents; RONNIE BROOKS; JASON MILLER; KINNDRA MARTIN; KEVIN CODDINGTON; JONATHAN JAMES; MARIAH JACKSON; SARAH TEAGUE; TERRY LEE WALKER; JOSE MORFIN; ALEJANDRO MEYERS; and SHAWNA GARCIA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARMENT OF TRANSPORATION (Caltrans), et. al<br><br>Defendants. | Case No.: 21-CV-04435-EMC<br><br>**DECLARATION OF P. BOBBY SHUKLA IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: May 25, 2023<br>Time: 1:30 p.m.<br>Ctrm: 5 – 17th Floor<br>      450 Golden Gate Avenue,<br>      San Francisco, CA 94102 |

I, P. Bobby Shukla, declare as follows:

1. I am a member in good standing of the Bar of the State of California and the principal at Shukla Law in San Francisco, California. I am an attorney admitted to practice law in all of the Courts of the State of California. I am also admitted to practice in the Northern, Central and Eastern United States District Courts.

2. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them. I make this declaration in support of the concurrently filed motion for attorney fees. I have previously submitted declarations attesting to the reasonableness of the rates and hours being sought by other employment lawyers in the San Francisco Bay Area based on my knowledge of the local market rate and the skill, experience and time it takes to litigate such cases.

**BACKGROUND AND EXPERIENCE**

3. I am a 2003 graduate of the University of California, College of the Law, San Francisco (formerly Hastings College of Law) and became a member of the State Bar of California that same year. Except for my first year as a lawyer, when I practiced criminal defense law, I have exclusively practiced employment law with extensive experience litigating disability/failure to accommodate cases

4. In 2022 and 2023, I was named to the Top 100 Lawyers and Top 50 Women Lawyers lists by Super Lawyers magazine. I have been recognized as a Northern California Rising Star or Super Lawyer by Super Lawyers magazine every year since 2009..

5. I am active in bar associations at the local, state and national levels. I am currently on the Executive Board of the San Francisco Trial Lawyers Association and the former Editor of its publication, The Trial Lawyer magazine. I also currently serve on the Board of the Bay Area Chapter of the National Lawyers Guild and on the Board of the National Lawyers Guild Foundation. I formerly served as Vice President of the Bay Area chapter of the National Lawyers Guild.. I am also a member of the California Employment Lawyers Association, California's largest bar association for lawyers representing employees, and the State Bar's Labor and Employment Law section. I have also participated on numerous panels and published several

articles in various publications on the topics of employment law and litigation. I am also a former recipient of the Wiley M. Manuel award for pro bono legal services.

6. I have substantial litigation experience, having litigated cases for the entirety of my 19-year career. I have also tried several cases to jury verdict as sole lead counsel, co-counsel or second chair.

7. I opened a solo practice, devoted entirely to employment law on behalf of employees, in 2017 when my former law partner, Stephen M. Murphy, was appointed to the bench of the San Francisco Superior Court.

8. From 2017 to the present, I have been awarded attorneys' fees in three separate matters: (1) On July 12, 2017 in the case of *Hoeper v. City and County of San Francisco*, Case No. CGC-15-543553 filed in San Francisco Superior Court; and (2) On June 4, 2018 in the case of *Ortiz v. Mercy High School*, San Francisco, Case No. CGC-16-549915 filed in San Francisco Superior Court. And (3) On March 15, 2019, *Reising v. Western Alliance Bank*, In Arbitration before ADR Services, Inc. (Hon. Bonnie Sabraw).

**REASONABLENESS OF RATES AND HOURS**

9. I have become familiar with the rates charged and the billing and work practices of lawyers in Northern California in the following ways: (1) from my own involvement and research when participating in attorneys' fees litigation; (2) in the course of consulting with other attorneys about attorneys' fees practices; (3) by discussing attorneys' fees rates, billing and work practices with other attorneys; and (4) by reviewing attorneys' fee applications and supporting documentation and awards in other cases.

10. I am familiar with the customary billing rates in Northern California for attorneys with the background and experience of Osha Neumann, Dan Siegel, EmilyRose Johns, Andrea M. Henson and Brigitte Nicoletti which further informs my belief that their rates are well within the community norm for such services.

11. I have learned the basic facts of this case and the results obtained for plaintiffs through preliminary injunctions. Based on my knowledge of the facts, the case was novel and complex, and counsel secured important relief for their clients. The litigation team took on a

great risk by pursuing this case. I find it highly commendable that Mr. Neumann, Mr. Siegel, Ms. Johns, Ms. Henson and Ms. Nicoletti achieved substantial relief for their clients despite the risks.

12. The number of hours for which attorney fees are being sought are reasonable: I am informed and believe that this case involved eleven named individual plaintiffs, all of whom were experiencing homelessness and who suffered from physical and/or mental health disabilities. They and organizational plaintiff Where Do We Go Berkeley had the unenviable task of pursuing their rights against one of the largest state agencies in California, the California Department of Transportation while simultaneously addressing the necessities of their everyday life in the midst of a global pandemic that severely impacted even the most well-resourced persons in our society. I am also informed and believe that the relief plaintiffs achieved through their preliminary injunctions resulted in a significant victory for them—individual plaintiffs and other residents for whom they advocated were able to get apartments, access to non-congregate shelter, and stay connected to vital medical and social services.

13. I am informed and believe that plaintiffs are also seeking fees for their work on defendants' appeal of the Court's first, six-month preliminary injunction. It is my opinion that the hours expended on the interlocutory appeal were necessary and would be performed by any reasonably prudent attorney. I also understand that appellate counsel Disability Rights Advocates is waiving their entitlement to fees on the appeal, and Mr. Siegel is waiving his entitlement to all fees. I find these discretionary billing decisions lend to the reasonableness of the fees award sought for work on appeals by Mr. Neumann, Ms. Johns, Ms. Henson and Ms. Nicoletti.

14. Based on my experience litigating disability/failure to accommodate cases, it takes a tremendous amount of work, skill and commitment to prevail on such cases. Due to the significant relief afforded to clients in this case, I believe counsel's sought fee award is justified and reasonable, especially in light of the billing discretion counsel has exercised.

15. The strong public policy underlying fee awards also justifies a full fee award including an enhancement. Without lawyers like Plaintiffs' counsel litigating matters like this, many individuals who cannot afford an attorney to vindicate their rights would be left without even the chance of redress. For this reason, Plaintiffs' counsel here deserves to be <u>fully</u>

compensated for their efforts. Full compensation is further warranted due to the significant financial risk they took in prosecuting this case. Indeed, fully compensatory fee awards are an important incentive for plaintiff-side lawyers, like Mr. Neumann, Mr. Siegel, Ms. Johns, Ms. Henson, Ms. Nicoletti, and myself, to take on and pursue cases for individuals who could not otherwise afford a lawyer to protect their civil rights.

16. I am informed that fees are being sought for the following attorneys. For each attorney, I have included the year of admission and their rate being sought for work performed.

| Attorney | Admission | Hours Sought | 2023 Rate |
|---|---|---|---|
| Osha Neumann | 1987 | 485.9 | $825 |
| Dan Siegel | 1970 | 23.1 | $1,087 |
| EmilyRose Johns | 2013 | 256.8 | $675 |
| Andrea Henson | 2020 | 119.9 | $365 |
| Brigitte Nicoletti | 2021 | 94.3 | $340 |

17. Based on my prior litigation experience in civil rights cases such as this and my experience reviewing other fee motions, fee awards, and supporting declarations over the last several years, the total hours and the rates being sought here are reasonable.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 20, 2023 in San Francisco, California.

                                              _/s/ P. Bobby Shukla_
                                              P. Bobby Shukla